E-FILED
Thursday, 26 March, 2026 08:24:45 PM
Clerk, U.S. District Court, ILCD

Analyse G. Pena (ARDC No. 6351224)
Carolyn H. Cottrell (CA SBN 166977)*
Ori Edelstein (CA SBN 268145)*
Robert E. Morelli, III (Tenn. BPR No. 037004)*
Katherine D. Krebs (CA SBN 339223)*
**Application For Admission Forthcoming*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
apena@schneiderwallace.com
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com
kkrebs@schneiderwallace.com

*Attorneys for Plaintiff, Collective and Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

MICHAEL BELL, on behalf of himself and the Collective and Class,

Plaintiff,

vs.

THE KNAPHEIDE MANUFACTURING COMPANY d/b/a KNAPHEIDE

Defendant.

Case No. 3:26-cv-3102

**CLASS AND COLLECTIVE COMPLAINT FOR VIOLATIONS OF:**

**(1) FAIR LABOR STANDARDS ACT;**

**(2) Failure to Pay Overtime (820 ILCS § 105/4a);**

**(3) Unpaid Wages on Termination (820 ILCS § 115/5);**

**DEMAND FOR JURY TRIAL**

Plaintiff Michael Bell ("Plaintiff"), on behalf of himself and all putative Collective and Class Members, alleges as follows:

## INTRODUCTION

1. Plaintiff on behalf of himself and other similarly situated individuals who have worked for The Knapheide Manufacturing Company d/b/a Knapheide ("Knapheide") ("Defendant") as non-exempt, hourly employees to challenge Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and Illinois state wage and hour laws.

2. This is a class and collective complaint against Defendant to challenge its policies and practices of: (1) failing to pay Plaintiff, Collective, and Class Members overtime wages; and (2) failing to pay Plaintiff and Class Members all wages due upon separation of employment.

3. Knapheide is an Illinois truck equipment manufacturing and distribution company headquartered in Quincy, Illinois.

4. Plaintiff and members of the Collective and Class are current and former employees who work for Knapheide as non-exempt hourly employees throughout the United States.

5. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the FLSA, and Illinois wage and hour laws, as well as other relief requested herein.

## PARTIES

6. Plaintiff Michael Bell is an individual over the age of eighteen, and at all times mentioned in this Complaint is a resident of the State of Illinois.

7. Plaintiff was employed by the Defendant as an Assembler from approximately April 25, 2005 to February 18, 2025. Plaintiff worked for the Defendant in Quincy, Illinois.

8. Knapheide is a truck body and van equipment manufacturing company headquartered in Quincy, Illinois. Knapheide is registered to do business in Illinois, does business in Illinois and employs and/or employed hourly, non-exempt employees, including Plaintiff, Collective, and Class Members. Knapheide may be served with process by serving its registered agent in Illinois, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261.

9. Defendant employs and/or employed Plaintiff, Collective, and Class Members because Defendant, directly or indirectly, controls the employment terms, including pay practices

of Plaintiff, Collective, and Class Members.

10. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to Defendant, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

11. Plaintiff is informed, believes, and thereon alleges that Defendant directly controls the operations of their agents, managers, and employees throughout all of their job sites across the United States.

12. Plaintiff is informed, believes, and thereon alleges that Defendant in some manners intentionally, negligently, or otherwise is responsible for the acts, omissions, occurrences, and transactions alleged herein.

13. At all material times, Defendant is an employer within the meaning of the FLSA (29 U.S.C. § 203(d)), Illinois Minimum Wage Law (820 ILCS 105/3(c)) and Wage Payment and Collection Act (820 ILCS 115/2).

14. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

15. Plaintiff, Collective, and Class Members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2.

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendant has and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Defendant acts as employer of Plaintiff, Collective, and Class Members because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

18. Here, Defendant has, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

19. In addition to Plaintiff, Defendant has employed numerous other employees, who like

Plaintiff, are engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since they provide goods and services across the country and conduct business deals with businesses across state lines.

20. At all material times, Plaintiff, Collective, and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

21. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Illinois state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

22. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of Illinois and within the geographic area encompassing the Central District of Illinois judicial district.

**FACTUAL ALLEGATIONS**

23. Knapheide is a truck body and van equipment manufacturing company that owns and operates multiple truck equipment centers, and is headquartered in Quincy, Illinois.

24. Plaintiff Michael Bell worked for Defendant as an Assembler in Quincy, Illinois at a Knapheide Truck Equipment Center. Plaintiff worked from approximately April 25, 2005 to February 18, 2025. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $26.34 per hour.

25. Collective and Class Members were and are employed by Defendant and perform work materially similar to Plaintiff.

26. Plaintiff, Collective, and Class Members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

27. Defendant pays Plaintiff, Collective, and Class Members on an hourly rate basis.

28. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff works eight (8) to ten (10) hours each shift

and works approximately five (5) shifts per week. Thus, on average, Plaintiff worked approximately 40 to 50 hours per week.

29. Each Collective and Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

30. Plaintiff's weekly hours vary, but on average, Plaintiff worked approximately forty (40) hours per week, or more. Plaintiff and, upon information and belief, Collective and Class Members, routinely work in excess of eight (8) hours in a day and in excess of forty (40) hours in a week. Defendant fails to properly pay Plaintiff, Collective, and Class Members overtime at their correct regular rate of pay because Defendant fails to factor in all earned wages when determining their overtime wages. In particular, Plaintiff, Collective, and Class Members are paid annual productivity bonuses which are not factored into their regular rate of pay for purposes of calculating their overtime rate of pay.

31. Plaintiff, Collective, and Class Members are paid non-discretionary bonuses, based on yearly performance. For example, Defendant regularly updates Plaintiff, Collective, and Class Members how their bonus will be effected based on their productivity. Plaintiff, the Collective, and Class Members are informed that the bonus is tied to the company's year-end results, and projections are prepared and shared showing what the bonus is expected to be based on anticipated year-end performance. Thus, Defendant fails to pay Plaintiff, Collective, and Class Members overtime wages based on the correct regular rate of pay, which varies depending on bonus pay earnings.

32. At the end of each pay period, Plaintiff, Collective, and Class Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

33. Defendant has employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

34. Defendant's method of paying Plaintiff, the Collective, and Class Members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with the FLSA; the Illinois Minimum Wage Law, 820 ILCS § 105/1,

*et seq*. ("IMWL"); and the Illinois Wage Payment and Collection Act, 820 § ILCS 115/1, *et seq*. ("IWPCA").

35. Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff, Collective, and Class Members. Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

36. Plaintiff Michael Bell brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt employees who worked at least one full time work week for The Knapheide Manufacturing Company d/b/a Knapheide throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

37. Plaintiff Michael Bell, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of d failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

38. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

39. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that fails to factor nondiscretionary bonuses into their regular rate of pay in violation of the FLSA.

40. Plaintiff Michael Bell is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interest in bringing this action.

41. Plaintiff Michael Bell will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

42. The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

43. Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

**<u>CLASS ACTION ALLEGATIONS UNDER 735 ILCS 5/2--801</u>**

44. Plaintiff brings his claims as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801. The Class is defined as:

> **All current and former non-exempt, hourly employees of Defendant throughout the State of Illinois during the time period from three years prior to the filing of the complaint until resolution of this action (the "Class").**

45. **<u>Numerosity:</u>** Defendant has employed potentially hundreds of non-exempt, hourly employees during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

46. **<u>Existence of Common Questions</u>**: There are questions of law and fact common to Plaintiff and putative Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendant fails to compensate putative Class Members for all hours

worked, including overtime compensation, in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq*. ("IMWL"); and the Illinois Wage Payment and Collection Act, 820 § ILCS 115/1, *et seq*. ("IWPCA");

b. Whether Defendant has a policy and/or practice of not factoring non-discretionary bonuses and/or additional pay to the regular rate of pay when determining their overtime wages;

c. Whether Defendant fails to pay putative Class Members all wages due upon the end of their employment in violation of 820 ILCS § 115/5;

d. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class Members as alleged herein.

47. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

48. **Appropriate and Fair**: A class action is an appropriate method for the fair and efficient adjudication of this controversy. Due to the numerous members of the class and the existence of common questions of fact and law, a class action will serve the economies of time, effort, and expense, and prevent possible inconsistent results. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class. The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

49. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying

adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

50. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

51. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

52. Plaintiff intends to send notice to all putative Class Members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the putative Class, as approved by the Court, to be delivered through the United States Mail. The notice or notices shall, among other things, advise the putative Class that they shall be entitled to "opt out" of the class certified if they so request by a date specified within the notice, and that any judgment on the action, whether favorable or not, entered in this case will bind all putative Class Members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Plaintiff and on Behalf of the Collective)**

53. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

55. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

56. Defendant is a covered employer required to comply with the FLSA's mandates.

57. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. §

207 (a), (g); 29 C.F.R. § 531.35. Defendant also violated the FLSA by failing to keep required accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

58. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

59. Plaintiffs and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

60. Defendant acts neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

61. As a result of the aforesaid violations of the FLSA's provisions, pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

62. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime**
**Pursuant to 820 ILCS § 105/4a**
**(Plaintiff and on Behalf of the Class Members)**

63. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

64. Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class Members overtime wages at their correct regular rate of pay because Defendant fails to factor in all earned wages when determining their overtime wages.

65. Defendant intentionally and willfully requires Plaintiff and the putative Class Members to work in excess of forty (40) hours per week but do not factor non-discretionary bonuses

into their regular rate of pay for overtime wages.

66. As a result, Defendant fails to pay Plaintiff and the putative Class Members for all hours worked, including overtime.

67. 820 ILCS § 105/3(b) defines “Wages" as “compensation due to an employee by reason of his employment, including allowances determined by the Director in accordance with the provisions of this Act for gratuities and, when furnished by the employer, for meals and lodging actually used by the employee.”

> Defendant knowingly and willfully refuses to perform their obligation to provide Plaintiff and Class Members with premium wages for all overtime worked.

68. 820 ILCS § 105/4a provides as follows:

> Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

69. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class Members are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in treble the amount of any such underpayments, and the amount of five percent (5%) per month of the amount of underpayments.

70. Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class Members are entitled to recover prejudgment interest on wage underpayments.

71. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the putative Class Members are entitled to recover reasonable attorneys’ fees and costs for their unpaid wage claims.

72. In violation of Illinois law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the putative Class Members with compensation for all time worked, including overtime compensation for hours worked in excess of forty hours in one week. Therefore, Defendant has committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class Members’ rights. Plaintiff and the putative Class Members are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys’ fees, expenses, and costs of suit, pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2.

73. As a proximate result of the aforementioned violations, Plaintiff and the putative Class Members have been damaged in an amount according to proof at time of trial.

74. Wherefore, Plaintiff and the putative Class Members request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Unpaid Wages on Termination**
**Pursuant to 820 ILCS § 115/5**
**(Plaintiff and on Behalf of the Class Members)**

75. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

76. Under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/5, employers must pay employees all wages to which they are entitled under the IMWL at the time of the employee's separation from employment, if possible, "but in no case later than the next regularly scheduled payday for such employee."

77. Under the IWPCA, 820 ILCS § 115/14, any employee not timely paid final compensation by his or her employer as required by the IWPCA "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

78. Pursuant to 815 ILCS § 205/2, Plaintiff and the putative Class Members are entitled to recover prejudgment interest for their final compensation claims.

79. Pursuant to 820 ILCS § 820 ILCS 115/14, Plaintiff and the putative Class Members are entitled to recover reasonable attorneys' fees and costs for their final compensation claims.

80. By the actions alleged above, Defendant has and continues to violate the provisions of the IWPCA, 820 ILCS § 115/5 by failing to pay any wage whatsoever to Plaintiff and putative Class Members when they are deprived of correct overtime compensation. These wages remain due upon the separation of employment. Therefore, Defendant commits, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class Members' rights. Plaintiff and the putative Class Members are thus entitled to

recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit, pursuant to 820 ILCS § 115/14 and 815 ILCS § 205/2.

81. As a proximate result of the aforementioned violations, Plaintiff and the putative Class Members have been damaged in an amount according to proof at time of trial.

82. Wherefore, Plaintiff and the putative Class Members request relief as hereinafter provided.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act, and other laws of Illinois;

b) For a declaratory judgment that Defendant has violated the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act, the laws of the State of Illinois and public policy as alleged herein;

a. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

b. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c. An order finding that Defendant violated the FLSA;

d. An order finding Defendant violated the FLSA willfully;

e. All unpaid wages due under the FLSA;

f. An equal amount as liquidated damages as allowed under the FLSA;

c) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

d) All attorneys' fees, costs, and disbursements as provided by FLSA; the Illinois Minimum Wage Law; and the Illinois Wage Payment and Collection Act, the laws of the State of Illinois and/or other applicable law;

g. For all costs of suit;

h. For interest as provided by applicable law; and

i. For such other and further relief as this Court deems just and proper.

Dated: March 26, 2026

Respectfully Submitted,

*/s/ Analyse G. Pena*
Analyse G. Pena
Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III*
Katherine D. Krebs*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

**Application For Admission Forthcoming*

*Attorneys for Plaintiff, Collective, and Class*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: March 26, 2026

Respectfully Submitted,

*<u>/s/ Analyse G. Pena</u>*
Analyse G. Pena
Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III*
Katherine D. Krebs*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

**Application For Admission Forthcoming*

*Attorneys for Plaintiff, Collective, and Class*